UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Ruoli Ni, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Tekgo, Inc.; Steris Instrument Management Services, Inc.; and Steris Corporation<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**JURY DEMAND** |

Plaintiff Ruoli Ni ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Class Action lawsuit against Defendants Tekgo, Inc.; Steris Instrument Management Services, Inc.; and Steris Corporation, (collectively hereinafter "Defendants") seeking to recover for Defendants' violations of Washington wage and hour laws. Plaintiff complains and alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this lawsuit as a Class Action on behalf of himself and all similarly situated current and former hourly or non-exempt employees who were denied proper overtime compensation in violation of Washington law and were denied meal and rest periods as prescribed by and pursuant to Washington law.

2. Defendants violated Washington law by knowingly and willfully permitting



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Plaintiff and other similarly situated employees to perform overtime work without the proper compensation and/or remain on duty during meal and rest breaks. Defendants received value from the work performed by Plaintiff and other similarly situated employees who worked more than forty hours in a workweek with no overtime compensation and who worked during meal and rest periods without compensating them for their services.

3. Defendants' conduct violated and continues to violate Washington state law because the Washington Minimum Wage Act, ("MWA") Chapter 49.46 RCW, requires employers to pay hourly employees like Plaintiff and other similarly situated employees no less than the minimum wage for the first forty hours of work in a week and no less than one and one-half times the regular rate of pay for any hours worked in excess of forty in a week.

4. Defendants' conduct further violated and continues to violate Washington meal and rest period laws, Washington's requirement that all wages be paid upon separation of employment, Washington's prohibition on unlawfully withholding wages, and Washington's recordkeeping requirements.

5. Because Defendants' conduct violated and continues to violate Washington wage and hour laws, Defendants are liable for unpaid and exemplary wages as provided by Washington law, attorneys' fees and costs, and pre- and post-judgment interest.

## II. JURISDICTION AND VENUE

6. The court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), as the Plaintiff and Defendants are citizens of different states, and Plaintiff's estimated recovery of claims are valued at more than $75,000.

7. The court also has jurisdiction under 28 U.S.C. § 1332(d) as a class action with a matter in controversy estimated at over $5,000,000.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c). At all material times, Defendants have been actively conducting business in this judicial district.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

## III. PARTIES

9. Plaintiff Ruoli Ni is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the City of Auburn, Washington 98001.

10. Plaintiff was employed by Defendants as a Traveling Sterile Processing Technician from approximately July 2025 through August 2025.

11. Plaintiff worked for Defendants in Bellevue, Washington.

12. Plaintiff is informed, believes, and thereon alleges that Defendant Tekgo, Inc. ("Tekgo"), and Defendant Steris Instrument Management Services, Inc. ("Steris") are Foreign Profit Corporations, headquartered in Birmingham, Alabama. Both Defendants are registered to conduct business in Washington, do conduct business in Washington, and employ and/or employed hourly, non-exempt workers, including Plaintiff and other similarly situated employees throughout the United States. Both Defendant Tekgo and Defendant Steris may be served with process by serving its registered agent, C T Corporation System at 711 Capitol Way S Ste. 204 Olympia, WA 98501.

13. Plaintiff is informed, believes, and thereon alleges that Defendant Steris Corporation ("Steris Corp.") is a Foreign Profit Corporation, headquartered in Mentor, Ohio. Defendant Steris Corp. is registered to conduct business in Washington, do conduct business in Washington, and employ and/or employed hourly, non-exempt workers, including Plaintiff and other similarly situated employees throughout the United States. Defendant Steris Corp. may be served with process by serving its registered agent, C T Corporation System at 711 Capitol Way S Ste. 204 Olympia, WA 98501.

14. Plaintiff is informed, believes, and thereon alleges that Defendants employ and/or employed Plaintiff and other similarly situated employees because Defendants, directly or indirectly, control their employment terms, including the pay practices applicable to Plaintiff and other similarly situated employees.

15. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

16. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their locations in the United States.

17. Plaintiff is informed, believes, and thereon alleges that Defendants, in some manner, intentionally, negligently, or otherwise, are responsible for the acts, omissions, occurrences, and transactions alleged herein.

18. Defendants are the employer of Plaintiff and other similarly situated employees because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

19. Defendants have been an employer within the meaning of the RCW 49.46.010(5), RCW 49.12.005(3), and their associated regulations.

20. At all material times, Plaintiff and Class members were and are employees of Defendants within the meaning of RCW 49.46.010(4), RCW 49.12.005(4).

## IV. FACTUAL ALLEGATIONS

21. Upon information and belief, Defendant Tekgo and Defendant Steris are based out of Birmingham, Alabama; and Defendant Steris Corp. is based in Mentor, Ohio.

22. Plaintiff is informed, believes, and thereon alleges that Defendants employ hundreds of hourly, non-exempt workers similarly situated to Plaintiff with approximately 150 locations throughout the United States.

23. Plaintiff has worked for Defendants as a Traveling Sterile Processing Technician at its Bellevue, Washington location.

24. Plaintiff is classified as a non-exempt employee and is paid a rate of approximately $50 an hour, earning roughly $2,100 a week.

25. Although Plaintiff's shifts vary in duration, Plaintiff usually worked



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

approximately eight hours or more per shift and approximately five or more shifts per week.

26. Plaintiff's weekly hours vary, but on average, Plaintiff worked approximately forty hours per week, or more.

27. Plaintiff's typical schedule was from 10 p.m. until 6:30 a.m., Monday through Friday.

28. Plaintiff and other similarly situated employees' job duties involve cleaning medical instruments, setting up medical equipment, and preparing operating rooms for surgeries.

29. Plaintiff and other similarly situated employees have been unable to take uninterrupted, regular meal breaks because work performance has been determined by a quantity-based quota, instilling fear in employees to take breaks and incentivizing employees to skip breaks in order to meet performance metrics. These metrics include, for example, a certain number of instrument trays used in surgery that must be decontaminated and sterilized. These metrics are determined by management and are inherently unrealistic. Each tray can take up to an hour and a half depending on the size of the tray. Plaintiffs and others often had to complete four trays (or more) per hour.

30. Specifically, Plaintiff and others were unable to take a full uninterrupted thirty-minute break at least two days out of the work week because they needed to meet the quota set by management. This was exacerbated by Defendants' staffing policies and practices, resulting in many skipped breaks. And when Plaintiff and others were able to take a rest break, they were not allowed to leave their work location during their rest break.

31. When Plaintiff and other similarly situated employees experience untimely or interrupted meal breaks, or do not receive these breaks at all, Defendants fail to pay them for time worked.

32. Defendants regularly fail to pay Plaintiff and other similarly situated employees for all hours worked. Defendants regularly require Plaintiff and others to perform work without compensation. Defendants' policies and practices cause Plaintiff and others to work without compensation because they are not paid for all time worked.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

33. For example, meal breaks are interrupted approximately once or twice a week, lasting eight to twenty minutes long, and Plaintiff and other similarly situated employees were neither provided an additional break nor compensated for those interrupted breaks. For example, in instances where Plaintiff and others tried to take a break, they would be interrupted with questions and concerns and from other employees.

34. Despite break interruptions and working through breaks, Plaintiff and others were unable to log "incremental" overtime, so the time worked during these thirty-minute lunch breaks went unpaid.

35. Further, Plaintiff and others were not allowed to take a break if there were two hours left in their shift, so if they did not get a break earlier in their shift but only had two hours remaining, it resulted in Plaintiff and others not having an opportunity to take a break in that two-hour remaining window.

36. Plaintiff and others also had mandatory huddles and educational meetings to discuss work done the day/night prior, three to four times a week, but these meetings were not counted as time worked and went unrecorded. This time spent working goes unrecorded and uncompensated even though it should be compensated at minimum wage and/or overtime rate under Washington law, giving rise to minimum and overtime wage violations.

37. WAC 296-126-092 requires that employees be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *See* WAC 296-126-092(2).

38. Missed rest break time is compensable under Washington law because WAC 296-126-092 requires that employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work. *See* WAC 296-126-092(4). No employee shall be required to work more than three hours without a rest period. *Id*. Under Washington law, rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011)



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(stating "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092").

39. Employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584, 397 P.3d 120 (2017).

40. Defendants' actions were willful and were not based on a good faith and reasonable belief that its conduct complied with Washington law.

41. Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these pay policies and practices across the United States.

42. On information and belief, Plaintiff and other similarly situated employees report to locations owned, operated, or managed by Defendants to perform their jobs.

43. On information and belief, Plaintiff and other similarly situated employees perform their jobs under Defendants' supervision using materials and technology approved and supplied to them by Defendants.

44. On information and belief, Plaintiff and other similarly situated employees are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

45. On information and belief, at the end of each pay period, Plaintiff and other similarly situated employees receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

46. On information and belief, Defendants pay Plaintiff and other similarly situated employees on an hourly rate basis.

47. On information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' locations throughout the United States.

48. Defendants know, or should know, that their policies and practices are unlawful and unfair.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

49. Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## V. FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

50. Plaintiff brings a class action under the Minimum Wage Act and Industrial Welfare Act on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

51. The proposed class ("Washington Class" or "Class") is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of Washington at any time during the period from three (3) years preceding the filing of this Complaint to final judgment.

52. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a. **<u>Numerosity</u>**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Upon information and belief there are hundreds, if not thousands, of putative Class Members.

b. **<u>Commonality</u>**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants fail to compensate Class Members at the appropriate overtime rate of pay in violation of the Washington law;

ii. Whether Defendants fail to provide Plaintiff and Class Members with timely, accurate itemized wage statements in violation of Washington law;

iii. Whether Defendants' policy and practice of failing to pay Plaintiff and Class Members all wages due upon the end of their employment violated



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Washington law;

iv. Whether "regular rate" under Washington law requires that this on-call pay be included in the employee's regular rate, as mandated by 29 C.F.R. § 778.223, in the same manner as any payment for services, such as an attendance bonus, which is not related to any specific hours of work.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the putative Classes, does not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Classes. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

53. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed putative Class Members is not practicable, and questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies, practices, or both. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

54. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Washington Class, which would establish



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

incompatible standards of conduct for Defendants.

55. If each individual putative Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

56. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Overtime**
**Pursuant to RCW 49.46, *et seq*.**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

57. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

58. Pursuant to the Minimum Wage Act ("MWA"), Defendant is required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek, when those wages were due, but willfully failed to do so at the appropriate rate. RCW 49.46.130(1).

59. RCW 49.46.090(1) states,

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

60. Plaintiff and class members are entitled to recover unpaid overtime under Washington law because Defendants violated the MWA by not restoring Plaintiff and class members' time for their missed half-hour meal break, ten-minute rest break, or both, resulting in



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

additional labor to the employer, and failing to require employees to log hours worked in excess of forty hours in its timekeeping system. This practice meant that Defendants failed to compensate Plaintiff and the class members for time they actually worked during the missed meal period, rest break, or both.

61. By the actions alleged above, Defendant has violated the provisions of RCW 49.46.130 by failing to pay Plaintiff and Washington Class Members one and one-half time their regular rate of pay for all weekly hours worked in excess of forty hours, including duties performed off the clock and additional compensable time for all missed, interrupted, or shortened meal and breaks in such weeks.

62. As a result of the unlawful acts of Defendants, Plaintiff and the Washington Class Members were deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090 together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages Owed at Termination**
**Pursuant to RCW 49.48.010, 49.52.070**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

63. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

64. Pursuant to the Wage Payment Act, “[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period.” RCW 49.48.010.

65. By the actions alleged above, Defendant has violated and continues to violate the provisions of RCW 49.48.010.

66. As a result of the unlawful acts of Defendant, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

49.48.030, Plaintiff and class members are entitled to such damages, together with attorney's fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 12 percent per annum (RCW 19.52.020).

**THIRD CAUSE OF ACTION**
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050, 49.52.070**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

67. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

68. Pursuant to the Wage Rebate Act ("WRA") any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2).

69. The WRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees. RCW 49.52.070.

70. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wn.2d 282, 300 (1987)).

71. Defendant intentionally failed to pay all wages owed to Plaintiff and the Class by implementing a policy that denied them the appropriate overtime rates of pay, as alleged herein. Defendant knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

72. As a result of the unlawful acts of Defendant, Plaintiff and the Washington Class Members are entitled to recover twice the amount of unpaid wages, as well as prejudgment interest, costs, attorneys' fees pursuant to RCW 49.52.070 and request relief as hereinafter provided.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

**<u>FOURTH CAUSE OF ACTION</u>**
**Failure to Provide Rest Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

73. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74. Pursuant to the Industrial Welfare Act ("IWA"): "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

75. The IWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

76. Pursuant to RCW 49.12.005 and its implementing regulation WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

77. The IWA, RCW 49.12, and its implementing regulation WAC 296-126-092, provides that employees shall be allowed certain paid rest periods during their shifts.

78. Under the IWA, Defendant has an obligation to (1) affirmatively provide employees with the rest breaks to which they are entitled; (2) affirmatively ensure that employees receive the rest breaks, completely relieved of all duties, to which they are entitled; and (3) provide an additional ten minutes of penalty pay for each missed, shortened, or interrupted rest break as a remedy for the loss of the statutorily mandated respite.

79. By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092 by failing to provide Plaintiff and class members with additional compensation for their missed rest breaks.

80. As a result of the unlawful acts of Defendant, Plaintiff, and the Washington Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff, and



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

the Class and Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Provide Meal Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

81. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

82. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, prohibiting employers from requiring employees to work more than five consecutive hours without an uninterrupted thirty-minute meal period.

83. Under the IWA, Defendant has an obligation to (1) affirmatively provide employees with uninterrupted meal breaks to which they are entitled; (2) affirmatively ensure that employees receive the meal breaks, completely relieved of all duties, to which they are entitled; (3) compensate employees with thirty minutes of pay for each missed, interrupted, or shortened meal break; and (4) pay an additional thirty minutes of penalty pay for each interrupted, missed, or shortened, and unpaid meal break to compensate for the loss of the statutorily mandated respite.

84. By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092, by failing to provide Plaintiff and class members with additional compensation for their missed, interrupted, or shortened meal breaks.

85. As a result of the unlawful acts of Defendant, Plaintiff and Washington Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class and Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees, prays for the following relief:



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(i) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by Washington law;

(ii) An order finding that Defendants violated Washington law;

(iii) An order finding Defendants violated Washington law willfully;

(iv) All unpaid wages due under Washington law;

(v) An equal amount as liquidated damages as allowed under Washington law;

(vi) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

(vii) For an order awarding Plaintiff and Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof and as applicable to each claim;

(viii) All attorneys' fees, costs, and disbursements as provided by Washington law;

(ix) An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

(x) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

(xi) For all costs of suit;

(xii) For interest as provided by applicable law; and

(xiii) For such other and further relief as this Court deems just and proper.

DATED this 22nd day of January, 2026.

*/s/ Devin Kathleen Epp*____
Devin Kathleen Epp, WSBA #60037
*Lawyers for Justice, P.C.*

*/s/ Derek Moretz*
Derek Moretz, WSBA #62935
*Lawyers for Justice, P.C.*



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli (Tenn. BPR No. 037004)*
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

** admission pro hac vice anticipated*

*Attorneys for Plaintiff and the putative Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED this 22nd day of January, 2026.

/s/ Devin Kathleen Epp____
Devin Kathleen Epp, WSBA #60037
Attorneys for Plaintiff
*Lawyers for Justice, P.C.*

/s/ Derek Moretz__________
Derek Moretz, WSBA #62935
Attorneys for Plaintiff
*Lawyers for Justice, P.C.*

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli (Tenn. BPR No. 037004)*
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

** admission pro hac vice anticipated*
*Attorneys for Plaintiff and the putative Class*



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021